UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
CAROL NOE,                                                 :
                                                           :
                           Plaintiff,                      :   19-CV-1455 (RA) (OTW)
                                                           :
              -against-                                    :   **REPORT & RECOMMENDATION**
                                                           :
RAY REALTY, et al.,                                        :
                                                           :
                           Defendants.                     :
                                                           :
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Ronnie Abrams, United States District Judge:**

I.  **Introduction**

On February 14, 2019, *pro se* Plaintiff Carol Noe filed her Complaint against Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, Dejan Zecevic, and fifteen unnamed John and Jane Does, alleging violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act (the "FHA"), 42 U.S.C. 3601, *et seq.*, as well as constitutional violations under 42 U.S.C. § 1983, in connection with Defendants' alleged acts of disability discrimination and retaliation, specifically, Defendants' alleged refusal to provide reasonable accommodations for Plaintiff's disability when effectuating repairs to her apartment. (ECF 2).

On April 23, 2019, Plaintiff *pro se* Carol Noe filed an "Ex Parte Motion for Emergency TRO Injunctive Relief." (ECF 38). She filed a second "Motion for Emergency TRO" on June 24, 2019. (ECF 68). Construing Plaintiff's filings to raise the strongest claims they may suggest, it appears that Plaintiff seeks to have the Court issue a temporary restraining order, and then a preliminary injunction, staying a housing court proceeding brought by Defendants against

Plaintiff for non-payment of rent. The housing court action is set for trial on July 9, 2019. (*See* ECF 64). Defendants filed their opposition to ECF 38 on May 15, 2019, (ECF 50), and Plaintiff filed her reply on June 18, 2019. (ECF 63). For the reasons set forth below, I respectfully recommend that Plaintiff's motions be **DENIED**.

## II.     Background[1]

Plaintiff alleges that she has resided in Apartment 2R at 446 West 58th Street, New York, New York, a rent stabilized apartment, for 29 years. (Compl. ¶¶ 2, 7). Plaintiff is a "permanently disabled protected ADA class member, on SSD and [] a senior citizen." (*Id.* ¶ 7). Plaintiff suffers from "severe respiratory disabilities." (*Id.* ¶ 20). Defendants own Plaintiff's apartment building. (*Id.* ¶ 6). Plaintiff alleges that the Defendants have discriminated against her due to her disability in multiple ways: (1) by ignoring her "hundreds of written requests" for reasonable accommodations in how mold, painting, floor and other repairs are effectuated"; (2) by refusing to sign and provide renewal leases for 2018 and 2019; (3) by refusing to give Plaintiff the Disability Rent Increase Exemption ("DRIE"); and (4) by filing five housing court eviction actions against her in retaliation for Plaintiff's seeking DRIE and filing complaints with regulatory agencies regarding repairs to her apartment. (*Id.* ¶¶ 2, 12, 13, 14).

Defendants brought a non-payment of rent action against Plaintiff in the Civil Court of the City of New York, County of New York, Housing Part. (*See* Cueter Decl., Ex. A). Plaintiff, proceeding *pro se*, answered on November 21, 2018. (*Id.*, Ex. A, at 2). In her Answer, Plaintiff asserted certain affirmative defenses and counterclaims, including that Defendants "Provide All

---

[1] The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted)."

2

ADA Reasonable Accommodations under the Fair Housing Act" and "COOPERATE with DRIE by Signing BOTH JAN 2018 & JAN 2019 LEASES." (*Id.*, Ex. A, at 36). On June 12, 2019, Judge Evon M. Asforis granted Defendants' motion to strike Plaintiff's affirmative defenses in part. (*See* ECF 64)). Judge Asforis struck Plaintiff's jurisdictional defenses, retaliatory eviction defense, defense that the Defendants are not the correct landlords, and request for a jury trial. (*Id.*). However, Judge Asforis found that Plaintiff's remaining defenses—"the warranty of habitability (as a defense and counterclaim), payment, harassment, fraud, compensatory damages, defamation, libel and slander"—are "subject to the court's jurisdiction." (*Id.*).

## III.  Discussion

### A.  The Anti-Injunction Act Precludes Relief

The Anti-Injunction Act bars the issuance of the injunctive relief Plaintiff seeks. The Anti-Injunction Act provides that "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act thus prohibits a federal court from enjoining state court proceedings, unless one of the Act's "three narrowly construed exceptions" applies. *Sinisgallo v. Town of Islip Housing Authority*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) and *Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972).

> [A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear. Rather, when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court.

3

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149-50 (1988) internal quotation marks and citations omitted).

"The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction and (iii) the need to protect or effectuate the federal court's judgments." *Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2d Cir. 1990) (citing *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287-88 (1970). Thus, unless Plaintiff's federal claims fit within one of the three exceptions, the Anti-Injunction Act precludes this Court from staying or enjoining the state court eviction proceeding. *See Watkin v. Ceasar*, 88 Fed. Appx. 458, 459 (2d Cir. 2004) (affirming denial of motion for preliminary injunction to stay a state court eviction proceeding on the grounds that the federal district court was barred by the Anti-Injunction Act); *Allen v. N.Y. City Hous. Auth.*, No. 10-CV-168 (CM), 2010 WL 1644956, at *3 (S.D.N.Y. April 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."); *O'Neill v. Hernandez*, No. 08-CV-1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008).

Plaintiffs' claims do not fall into one of the three exceptions. As to the first exception to the Act—"as expressly authorized by Act of Congress," 28 U.S.C. § 2283—this exception only applies when Congress has enacted a statute that "create[s] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *See Mitchum v. Foster*, 407 U.S. 225, 237 (1972). "Since the Fair Housing Act is expressly enforceable in both state and federal courts, *see* 42 U.S.C. § 3613(a)(1)(A), no stay of a state action is required to secure its intended

4

scope." *Kristopher v. Stone Street Properties, LLC*, No. 13-CV-566 (RJS) 2013 WL 499752, at *3 (S.D.N.Y. Jan. 29, 2013). Further, although 42 U.S.C. § 1983 actions are exempt from the Anti-Injunction Act's prohibitions, *see Mitchum*, 407 U.S. at 242-43, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983 because Defendants are not state actors and Plaintiff has not asserted that Defendants "acted under color of state law." Plaintiff's 42 U.S.C. § 1983 claims thus do not provide a basis for a preliminary injunction.

The second exception to the Act—"where necessary in aid of [the federal court's] jurisdiction," 28 U.S.C. § 2283—is triggered only if 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Allen*, 2010 WL 1644956, at *4 (quoting *Alt. C.L.R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). This exception is inapplicable here, as Plaintiff could have raised her Fair Housing Act claims as an affirmative defense or counterclaim to the eviction proceeding. N.Y. Real Prop. Acts. § 743; *Kristopher*, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013).[2] Further, to the extent that the housing court were to sever Plaintiff's discrimination defenses or counterclaims, "the severed claims still would be litigated in state court; the possibility of severance therefore has no effect on the Anti-Injunction Act analysis." *Kristopher*, 2013 WL 499752, at *4 (quoting *Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 n. 1 (S.D.N.Y. 2008); *see Armstrong v. Real Estate Int'l*, No. 05-CV-5383 (SJ), 2006 WL 354983, at

---

[2] Plaintiff contends that she has been unable to litigate her "counterclaims, affirmative defenses and ADA accommodations" in housing court. (Comp. ¶¶ 17-18). The housing court has jurisdiction to hear Fair Housing Act affirmative defenses or counterclaims. Whether the housing court decides to strike a defense or counterclaim does not affect its jurisdiction. Thus, even if Plaintiff's stricken affirmative defenses and counterclaims were based on the Fair Housing Act, the second exception to the Anti-Injunction Act does not apply.

5

*4 (E.D.N.Y. Feb. 14, 2006) ("Even if, as [p]laintiff claims, the state court would sever the eviction proceeding from . . . any counterclaims, this result does not preclude her from litigating these claims in state court. Her ability to do so, regardless of which state court would have the jurisdiction to hear her claims, undermines any argument that the 'necessary in aid of jurisdiction' exception to the Anti-Injunction Act would apply.").

*Sinisgallo v. Town of Islip Housing Authority*, 865 F. Supp. 2d 307, 318 (E.D.N.Y. 2012), is distinguishable. In *Sinisgallo*, the plaintiffs could not present their federal claims in the eviction proceeding because of limitations imposed upon them due to their status as tenants in a federally-funded housing authority. *Id*. at 323-24 ("[W]here a public housing tenant . . . was afforded an administrative hearing, courts have held that the housing court lacks jurisdiction to perform a *de novo* review of the lease termination. Instead, the court performs what is referred to as a 'limited due process' review."). Plaintiff has brought the instant action against a private landlord; thus, the limitations present in *Sinisgallo* do not exist here. Therefore, the housing court proceeding "would in no way impair this Court's flexibility and authority to resolve Plaintiff's [] other claims against [Defendants] and, if warranted, to award [her] damages." *Allen*, 2010 WL 1644956, at *4. Accordingly, the second exception does not apply.

The third exception to the Act—"to protect or effectuate [the federal court's] judgments," 28 U.S.C. § 2283—is similarly inapplicable. The third exception "only applies where an issue has been previously presented to and decided by the federal court." *Allen*, 2010 WL 1644956, at *4. This is not the case in the instant action, as the state court eviction proceeding was initiated before Plaintiff filed this matter in federal court.

**B. Even if the Anti-Injunction Act Does Not Bar an Injunction, Plaintiff Has Failed to Establish a Likelihood of Success or a Sufficiently Serious Question Going to the Merits of Her Claim**

For either a TRO or a preliminary injunction to issue, a plaintiff must show: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.* No. 15-CV-9605 (KBF), 2016 WL 3004516, at *1 (S.D.N.Y. Jan. 21, 2016) *(*quoting *MyWebGrocer, L.L.C. v. Hometown Info., Inc.,* 375 F.3d 190, 192 (2d Cir. 2004)). The purpose of such relief is "to maintain the status quo for a short period of time, usually only until a hearing can be held." *Id.*

Here, Plaintiff has shown irreparable harm. Plaintiff asserts that she is low-income, resides in a rent stabilized apartment, and receives Social Security Disability Income. (Comp. ¶ 1). Given Plaintiff's circumstances, the threat of eviction constitutes an irreparable harm. *See Baumgarten v. Cty. Of Suffolk*, No. 07-CV-539, 2007 WL 1490487, at *5 (E.D.N.Y. Feb. 20, 2007) ("the threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for [a] preliminary injunction").

Plaintiff failed to establish, however, a likelihood of success on the merits or a serious question going to the merits of her claims. The Court has reviewed all of the documents Plaintiff submitted in support of her motions and with her Complaint. At this time, Plaintiff has not established that Defendants' alleged animus against Plaintiff due to her disability influenced any of their decisions regarding repairs to Plaintiff's apartment, whether to renew her lease, and whether to bring state court eviction proceedings against her. Indeed, Defendants may

7

have tried to make repairs, with Plaintiff taking issue with when and how repairs are made.[3] At a hearing before this Court, Plaintiff acknowledged that "contractors came [to her apartment] who were unlicensed." (Transcript of May 3, 2019 Hearing, at 19:11-15). Plaintiff also did not respond to Defendants' assertion that she refused access for Defendants to perform those repairs. (*Id.* at 30:5-7). Moreover, at the time Defendants brought the eviction proceeding against Plaintiff in November 2018, Plaintiff had withheld rent for fifteen months. (Def. Opp., Ex. A). In sum, nothing Plaintiff has presented in this action would preclude Defendants from evicting Plaintiff for non-payment of rent. Plaintiff's allegations, standing alone, are insufficient. *See Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypothetical."). A preliminary injunction is an extraordinary remedy. Thus, while the Court "do[es] not intimate any view on the ultimate outcome of the case," Plaintiff has not made the showing necessary for such relief to issue at this time. *Tellock v. Davis*, 84 Fed. Appx 109, 112 (2d Cir. 2003).

**IV.    Conclusion**

This Court has reviewed and carefully considered all of Plaintiff's motions for injunctive relief, as well as Plaintiff's complaint and supporting exhibits. (ECF 2, 38, 43, 63, 68). For the foregoing reasons, I respectfully recommend that Plaintiff's motions for a temporary restraining order and a preliminary injunction (ECF 38 and ECF 68) be **DENIED**.

---

[3] Plaintiff maintains that Defendants need to effectuate repairs "in accordance with [her] [d]octor's requirements and in accordance with EPA and NYC Guidelines on Mold Remediation and Remediation Expert Report." (Comp. ¶ 2).

**V.     Objections**

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983)).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff.

Respectfully submitted,

  _s/ Ona T. Wang_

Dated: July 2, 2019                                                                        **Ona T. Wang**
New York, New York                                                        United States Magistrate Judge