UNITED STATES DISTRICT COURT                    NOVEMBER  11, 2019
SOUTHERN DISTRICT OF NEW YORK

HONORABLE RONNIE ABRAMS
MAJISTRATE ONA T. WANG
_____x                           19 - CV - 1455

### OBJECTIONS TO TRO DECESION & REPORT & RECOMENDATIONS

CAROL NOE
                                        **EMERGENCY RELIEF**

     Plaintiff
                          **EMERGENCY TRO-PRELIMINARY INJUNCTIVE
                          RELIEF TO ENJOIN/STAUY/REMAND FOR
                          DECLARATORY
                          PRELIMINARY INJUNCTIVE RELIEF on THREE
                          EMERGENCY DEVELOPMENTS FROM THE
                          LOWER COURT & APPLEATE DIVISIONS
                          DECISION AUG 2019, SEPT 2019 &/DEC 5TH,
                          TRIAL**

RAY REALTY
ZAVISA ZECEVIC                          **SHCEDULE ORAL ARGUMENT**
JOHN MILITEC
JULIA ZECEVIC                   **PROVIDE SUPPLEMENTAL EXHIBTS NOV 18TH**
DEJAN ZECEVIC
DAEJAN NY LIMITED                        **AND OTHER RELIEF**
ROBERT GREGOR
RRM REALTY
TRUE COFFEE
TRCU COFFEE
384 COURT
THOMAS CUMMINGS
MORTEN TELJUM
LABE TWERSKI
SAM BECKER
ADI NAHMANI
1651 CONEY ISLAND AVENUE 4 11230
41-25 44TH STREET OWNERS CORP
41-25 44th STREET APT A7 QUEENS
JOHN DOE 1 to 18
JANE DOE 19 to 34
     Defendant.
_____x



1.     **Unrepresented Plaintiff, CAROL NOE is an ADA Disabled Protected**

**Class Member of the Americans with Disabilities (ADA) under FHA (Fair**

**Housing Act).  I am a Senior Citizen, on SSD, low income 30 plus-year long term Rent**

Stabilized Succession Rights Tenant since 2005 alleges as follows:  The court was closed

On Nov 11, 2019 due to Federal Holiday Veterans Day, Plaintiff requested to file on

11/11/19 which this court granted via Order a very brief extension. Yet both plaintiff and

the court in granting Nov 11, 2019 to file, did Not realize the court was closed so Plaintiff

has filed her Nov 11, 2019 First Amended Complaint & Objections to TRO -INJUNCTION

REPORT & RECCOMEDIATIONS on Nov 12, 2019 when the court opens

ADA Disabled Unrepresented Plaintiff was not able to include her substantial key material

Supplemental Exhibits that support her First Amended Complaint and explicitly

reserves all rights to immediately do so and will assure this court that these key material

supplemental exhibits in support of her First Amended Complaint will be provided No

Later than Monday Nov 18, 2019. This very brief Exhibit delay is caused by Technical

Computer Issues as to No fault of ADA Disabled Unrepresented Plaintiff who despite

Respiratory disability medical setbacks has taken steps to remedy this timely and asks

this court for understanding as ADA Unrepresented Disabled Plaintiff is making her

best efforts despite all of the above. ADA Disabled Unrepresented Plaintiff explicitly

reserves ass rights to provide at a later date a Second Amended Complaint as more

information is learned and provided to Plaintiff

2.  PURSUANT to Federal Magistrates Act of 1968, as amended. The basic provisions
    are found at 28 U.S.C. § 636 and 18 U.S.C. § 3401

3.  ADA Disabled Unrepresented Plaintiff objects to TRO,PRELIM INJUNCTION
    DENIAL & OBJECTIONS TO REPORT & RECOMMENDATIOIN

On the following grounds pursuant to TITLE 28 USC CODES 631-639

4.  The parties have Not consented to permit MAJISTRATE WANG to issue a
    Determination for TRO – PRELIM INJUNCTION NOR issue a REPORT &
    RECOMMENDATION since ADA

31

DISABLED UNRPRESENTED PLAINTIFF withdrew her consent in JUNE 2019

within a couple of days of allowing MAGJISTRATE and WTHDRAAWAL WAS

BEFORE DEFENDANT WROTE AGREEING to a MAJISTRATE this was

also referenced by ORDER of Judge ABRAMS that plaintiff indeed had

the right to WITHDRAW her consent

5. PURSUANT to TITLE 28 USC CODES 631-639 and SEQ & 28 U.S.C. § 636 and

18 U.S.C. § 3401, MAJISTRATE is Prohibited by law to make a

determination on a TRO nor for PRELIM INJUNCTION and is further prohibits

by law from issuing a Report & Recommendation when the parties have NOT

mutually consented

This even applies to if the parties had consented which they had not in

This case as my consent was given after and withdrawn before

6. Therefore, the CONTENT in the R & R is moot in accordance with the above

statutory provisions and therefor decision & R & R must be vacated

7. In the alternative, ADA Disabled Unrepresented Plaintiff objects to each

And every point made by Justice Wang as it is legally Not on point with plaintiff

Fact pattern, ADA & FHA LAWS and does Not comport in according with

CONTROLLING KEY CASE LAWS of Wetzel v Glen St Andrew, Signisgallo v City of

Islip, UNITED STATES v 111 East Partners and more case law below in support & MORE

As these controlling ADA FHA case laws are Not discussed in Magistrate Wang's

TRO/INJUNCTION R & R decisions

8. ADA Disabled Unrepresented Plaintiff on SSD low income will lose her

home of 30 years rent stabilized if a TRO & PREMLINANRY INJUCTION

IS NOT GRANTED IMMEDIATELY, I respectfully request that Judge

ABRAMS read JUNE 24, 2019 emergency TRO & PRELIM FOR STAY

WTH EXTENSIVE EXHIBITTS again carefully and grant this immediately

As plaintiff TRIAL is DEC 5, 2019 until the DETERMINATION of this

Entire ACTION & FIRST AMENDED COMPLAINT is determinate as

Plaintiff will be homeless and the housing court again in all 5 cases

Refused the due process rights of plaintiff who is a defendant in that

Case in where ALL DUE PROCESS COUNTERCLAIMS & AFFIRMATIVE

DEFENDENCES ARE DENIED for purpose of TRIAL

What is plaintiff supposed to defend herself with

9.  **SEE DECESION BY APPEALATE DIVISON AUG 30, 2019 ENTERED SEPT 3, 2019 in where RESPONDENT is DENIED without any FINDINGS OF FACT NOR CONCLUSIONS of law**

EXHIBIT A & B ✝ C ✝ D ✝ E     *2 Sets Exhibts – Appeald Denied order for Stay*
*– Dec 5, 2019 Trial called*

DENIAL ORDER TO STAY DEC 5, 2019 HOUSING TRIAL BY APPEALATE DIVION

AUTHORITY of MAJISTRATE JUDGES IN ACCORDANCE WITH REPORT &     *– Majesta authori*

RECOMMEND & TRO & PRELIM INJUNCTIONS PURSUANT TO     *– 2 Sets Frodeea*
*ADA Hypp*

Federal Magistrates Act of 1968, as amended. The basic provisions are found at 28 U.S.C. §

636 and 18 U.S.C. § 3401 & TITLE 28 USC CODES 631-639

WHEREFORE, Plaintiff requests that the Court enter judgment

a)  Vacate Denial Decisions of TRO/PRELIM INJUNCTION for reasons set forth above

b)  Vacate Report & Recommendation for reasons set forth above

c)  Grant EMERGENCY TRO/PRLIM INJUNCTION STAY of DEC 5th TRIAL by

    Judge ABRAMS for reasons set above and other relief requested herein

Granting such further relief as this Court may deem just and proper.

Please excuse typos and format having technical issues with computer

Dated New York, New York

November 11, 2019

Respectfully Submitted

ADA Disabled Protected Class Member

C. NOE
PO BOX 20913 New York, NY 10023

cc: Matthew Cueter ESQ

77 WATER STREET #2100

NEW YORK, NY 10005

*[handwritten notes]* Thankyou for ADA one wk Extens
to of Nov 11, 2019
J. Abrenis +
J Wong

Much appreciated

Sets of Exhibits

34

EXHIBIT A →

At an Appellate Term of the Supreme Court, First Department
Held at the Court House, Borough of Manhattan,
City of New York, on the 30th day of August 2019. →

Present: - Hon.   Martin Shulman, P.J.,

"   Matthew Cooper,

"   Carol Edmead, Justices.

---

| Ray Realty LLC | N.Y. County Clerk's # 570440/19 |
| Petitioner-Landlord-Respondent, | Civil N.Y. County Index # 77780/18 |
| -against- | |
| Carol Noe | **ORDER ON MOTION** |
| Respondent-Tenant-Appellant. | |

---

The above named respondent-appellant, having moved by notice of motion returnable August 22, 2019, for an order staying all proceedings including the trial scheduled for August 12, 2019, before the Civil Court pending the determination of this motion and the appeal (Asforis, J.) dated June 12, 2019, and for other relief.

Now upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon,

**It is Ordered** that the motion of the respondent-appellant seeking to stay all proceedings before the Civil Court is denied in its entirety.

Enter,

Justice, Appellate Term
Supreme Court, First Department

**MATTHEW F. COOPER, J.**

**FILED**

SEP 0 3 2019

COUNTY CLERK'S OFFICE
NEW YORK

Ehibit B →

LT-077780-18/NY   (P) Ray Realty LLC vs. (R) Carol Noe

03/21/2019   Part H, Judge: Evon M. Asforis, Purpose: For All Purposes, Outcome(s): Adjourned: 04/23/2019
03/21/2019   Part H, Judge: Evon M. Asforis, Purpose: Motion (1) - Strike, Outcome(s): Adjourned: 04/23/2019
04/23/2019   Part H, Judge: Evon M. Asforis, Purpose: For All Purposes, Outcome(s): Reserved Decision (based on Conference); Adjourned: 07/09/2019
04/23/2019   Part H, Judge: Evon M. Asforis, Purpose: Motion (1) - Strike, Outcome(s): Reserved Decision
07/09/2019   Part H, Judge: Evon M. Asforis, Purpose: For All Purposes, Outcome(s): Rescheduled: 07/09/2019
07/09/2019   Part X, Purpose: Trial: Bench, Outcome(s): Rescheduled: 07/09/2019
07/09/2019   Part P, Judge: Jean T. Schneider, Purpose: Conference: Pretrial, Outcome(s): Adjourned: 08/08/2019
08/08/2019   Part P, Judge: Jean T. Schneider, Purpose: Trial: Bench, Outcome(s): Adjourned: 08/12/2019
08/12/2019   Part S, Judge: Michelle D. Schreiber, Purpose: Trial: Bench, Outcome(s): Marked Off (based on Bench Trial)
08/22/2019   Part P, Judge: Jean T. Schneider, Purpose: Motion (2) - Restore to Calendar
10/30/2019   Part P, Judge: Jean T. Schneider, Purpose: Motion (3) - Stay

12/5/2019 Part P J - Schedule TRIAL

EX 1819/T

This report reflects information recorded as of 09/05/2019 05:27 PM.  Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.
Page 2 of 2

*EXHIBIT C*

# The Authority of
# Magistrate Judges

The authority that a magistrate judge exercises is the jurisdiction of the district court itself, delegated to the magistrate judge by the district judges of the court under governing statutory authority and local rules of court. The statutory authority of magistrate judges is set forth in the Federal Magistrates Act of 1968, as amended. The basic provisions are found at 28 U.S.C. § 636 and 18 U.S.C. § 3401 and are included in Appendix I. Other statutory grants of authority to magistrate judges appear throughout the United States Code.

Generally, a magistrate judge's duties fall into the following categories:

## Initial Proceedings in Criminal Cases

In criminal proceedings a magistrate judge may perform the following:

(1)     Accept criminal complaints.

(2)     Issue arrest warrants and summonses.

(3)     Issue search warrants.

(4)     Conduct initial appearance proceedings and detention hearings for criminal defendants, informing them of the charges against them and of their rights.

(5)     Set bail or other conditions of release or detention under the Bail Reform Act.

(6)     Appoint attorneys for defendants who are unable to afford or obtain counsel.

(7)     Hold preliminary hearings, or "probable cause" hearings.

(8)     Administer oaths and take bail, acknowledgments, affidavits and depositions.

(9)     Conduct extradition proceedings.

## References of Pretrial Matters from District Judges

District judges may delegate a wide variety of duties to magistrate judges that will assist the district judges in expediting the disposition of civil and criminal cases, including the following:

(1)     Hearing and determining any non-case-dispositive pretrial matter, such as procedural and discovery motions.

(2)     Hearing case-dispositive motions (such as motions for summary judgment or dismissal, or for suppression of evidence) and submitting findings and recommended dispositions of such motions to a district judge.

(3)    Reviewing and recommending disposition of social security appeals and prisoner litigation and conducting necessary evidentiary hearings in prisoner cases.
(4)    Conducting calendar calls, pretrial conferences, and other pretrial case management duties.
(5)    Conducting settlement conferences and other alternative dispute resolution proceedings.

## Trials of Misdemeanors

Federal misdemeanor cases are divided by statute into four categories: Class A misdemeanors, Class B misdemeanors, Class C misdemeanors, and infractions. A Class A misdemeanor is an offense where the maximum punishment by imprisonment is more than six months, but no more than one year. In Class B misdemeanors, Class C misdemeanors, and infractions, which are also known as petty offense cases, the maximum punishment by imprisonment varies, but may not exceed six months.

In all petty offense cases, including cases involving juvenile defendants, a magistrate judge may conduct the trial and impose the sentence without the defendant's consent. In Class A misdemeanor cases, a magistrate judge may conduct the trial, either with or without a jury, and impose the sentence only with the defendant's consent and where the defendant has waived the right to adjudication by a district judge. The defendant's consent and waiver may be made in writing or orally on the record.

A magistrate judge who is designated to try misdemeanors has the power to invoke the federal probation laws. A magistrate judge also has the power to modify, revoke, or terminate supervised release of any person sentenced to a term of supervised release by a magistrate judge.

## Trials of Civil Cases

A full-time magistrate judge may conduct the trial, either with or without a jury, and dispose of any federal civil case with the litigants' consent. In such cases, a magistrate judge sits in lieu of a district judge where the magistrate judges of the court have been designated to exercise such authority by the district judges of the court, and where the case has been referred by a district judge. In this capacity, a magistrate judge exercises authority to dispose of the case and may order the entry of a final judgment. All district courts have designated their full-time magistrate judges to exercise civil consent authority.

Section 636(c)(1) of Title 28 places restrictions on the ability of parties and courts to allow part-time magistrate judges to exercise consent authority in civil cases. Part-time magistrate judges may try civil cases only where (1) the parties

specifically request in writing that a part-time magistrate judge exercise authority in the case, (2) the chief judge has certified that a full-time magistrate judge is not reasonably available, and (3) the judicial council of the circuit has established guidelines for the exercise of civil consent authority by part-time magistrate judges.

**Other Duties**

A magistrate judge may also be assigned any "additional duties as are not inconsistent with the Constitution and laws of the United States." District judges rely on this language from the Federal Magistrates Act to refer various matters to magistrate judges that are not set forth specifically in other provisions of the statute. For example, many courts use this provision to authorize magistrate judges to conduct guilty plea proceedings in felony cases with the defendant's consent. A magistrate judge may also be called upon to assist the district court in performing administrative duties. The specific duties that some districts are known to refer to magistrate judges are often set forth in standing orders or in the local rules of the district court.

# Appendix I

## Federal Magistrates Act
### Text from Westlaw April 2009

### Provisions of Title 28, United States Code

### § 631. Appointment and Tenure

(a) The judges of each United States district court and the district courts of the Virgin Islands, Guam, and the Northern Mariana Islands (including any judge in regular active service and any judge who has retired from regular active service under section 371(b) of this title, when designated and assigned to the court to which such judge was appointed) shall appoint United States magistrate judges in such numbers and to serve at such locations within the judicial districts as the Judicial Conference may determine under this chapter. In the case of a magistrate judge appointed by the district court of the Virgin Islands, Guam, or the Northern Mariana Islands, this chapter shall apply as though the court appointing such a magistrate judge were a United States district court. Where there is more than one judge of a district court, the appointment, whether an original appointment or a reappointment, shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge. Where the conference deems it desirable, a magistrate judge may be designated to serve in one or more districts adjoining the district for which he is appointed. Such a designation shall be made by the concurrence of a majority of the judges of each of the district courts involved and shall specify the duties to be performed by the magistrate judge in the adjoining district or districts.

(b) No individual may be appointed or reappointed to serve as a magistrate judge under this chapter unless:

    1. He has been for at least five years a member in good standing of the bar of the highest court of a State, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands, or the Virgin Islands of the United States, except that an individual who does not meet the bar membership requirements of this paragraph

may be appointed and serve as a part-time magistrate judge if the appointing court or courts and the conference find that no qualified individual who is a member of the bar is available to serve at a specific location;

2. He is determined by the appointing district court or courts to be competent to perform the duties of the office;

3. In the case of an individual appointed to serve in a national park, he resides within the exterior boundaries of that park, or at some place reasonably adjacent thereto;

4. He is not related by blood or marriage to a judge of the appointing court or courts at the time of his initial appointment; and

5. He is selected pursuant to standards and procedures promulgated by the Judicial Conference of the United States. Such standards and procedures shall contain provision for public notice of all vacancies in magistrate judge positions and for the establishment by the district courts of merit selection panels, composed of residents of the individual judicial districts, to assist the courts in identifying and recommending persons who are best qualified to fill such positions.

(c) A magistrate judge may hold no other civil or military office or employment under the United States: Provided, however, That, with the approval of the conference, a part-time referee in bankruptcy or a clerk or deputy clerk of a court of the United States may be appointed and serve as a part-time United States magistrate judge, but the conference shall fix the aggregate amount of compensation to be received for performing the duties of part-time magistrate judge and part-time referee in bankruptcy, clerk or deputy clerk: And provided further, That retired officers and retired enlisted personnel of the Regular and Reserve components of the Army, Navy, Air Force, Marine Corps, and Coast Guard, members of the Reserve components of the Army, Navy, Air Force, Marine Corps, and Coast Guard, and members of the Army National Guard of the United States, the Air National Guard of the United States, and the Naval Militia and of the National Guard of a State, territory, or the District of Columbia, except the National Guard disbursing officers who are on a full-time salary basis, may be appointed and serve as United States magistrate judges.

(d) Except as otherwise provided in sections 375 and 636(h) of this title, no individual may serve under this chapter after having attained the age of seventy years: Provided, however, That upon a majority vote

of all the judges of the appointing court or courts, which is taken upon the magistrate judge's attaining age seventy and upon each subsequent anniversary thereof, a magistrate judge who has attained the age of seventy years may continue to serve and may be reappointed under this chapter.

(e) The appointment of any individual as a full-time magistrate judge shall be for a term of eight years, and the appointment of any individuals as a part-time magistrate judge shall be for a term of four years, except that the term of a full-time or part-time magistrate judge appointed under subsection (k) shall expire upon--

    1.  the expiration of the absent magistrate judge's term,

    2.  the reinstatement of the absent magistrate judge in regular service in office as a magistrate judge,

    3.  the failure of the absent magistrate judge to make timely application under subsection (j) of this section for reinstatement in regular service in office as a magistrate judge after discharge or release from military service,

    4.  the death or resignation of the absent magistrate judge, or

    5.  the removal from office of the absent magistrate judge pursuant to subsection (i) of this section,

whichever may first occur.

(f) Upon the expiration of his term, a magistrate judge may, by a majority vote of the judges of the appointing district court or courts and with the approval of the judicial council of the circuit, continue to perform the duties of his office until his successor is appointed, or for 180 days after the date of the expiration of the magistrate judge's term, whichever is earlier.

(g) Each individual appointed as a magistrate judge under this section shall take the oath or affirmation prescribed by section 453 of this title before performing the duties of his office.

(h) Each appointment made by a judge or judges of a district court shall be entered of record in such court, and notice of such appointment shall be given at once by the clerk of that court to the Director.

(i) Removal of a magistrate judge during the term for which he is appointed shall be only for incompetency, misconduct, neglect of duty, or physical or mental disability, but a magistrate judge's office shall be terminated if the conference determines that the services performed by his office are no longer needed. Removal shall be by the judges of the district court for the judicial district in which the magistrate judge serves; where there is more than one judge of a district court, removal shall not occur unless a majority of all the judges of such court concur in the order of removal; and when there is a tie vote of the judges of the district court on the question of the removal or retention in office of a magistrate judge, then removal shall be only by a concurrence of a majority of all the judges of the council. In the case of a magistrate judge appointed under the third sentence of subsection (a) of this section, removal shall not occur unless a majority of all the judges of the appointing district courts concur in the order of removal; and where there is a tie vote on the question of the removal or retention in office of a magistrate judge, then removal shall be only by a concurrence of a majority of all the judges of the council or councils. Before any order or removal shall be entered, a full specification of the charges shall be furnished to the magistrate judge, and he shall be accorded by the judge or judges of the removing court, courts, council, or councils an opportunity to be heard on the charges.

(j) Upon the grant by the appropriate district court or courts of a leave of absence to a magistrate judge entitled to such relief under chapter 43 of title 38, such court or courts may proceed to appoint, in the manner specified in subsection (a) of this section, another magistrate judge, qualified for appointment and service under subsections (b), (c), and (d) of this section, who shall serve for the period specified in subsection (e) of this section.

(k) A United States magistrate judge appointed under this chapter shall be exempt from the provisions of subchapter I of chapter 63 of title 5.

## § 632. Character of Service

(a) Full-time United States magistrate judges may not engage in the practice of law, and may not engage in any other business, occupation,

or employment inconsistent with the expeditious, proper, and impartial performance of their duties as judicial officers.

**(b)** Part-time United States magistrate judges shall render such service as judicial officers as is required by law. While so serving they may engage in the practice of law, but may not serve as counsel in any criminal action in any court of the United States, nor act in any capacity that is, under such regulations as the conference may establish, inconsistent with the proper discharge of their office. Within such restrictions, they may engage in any other business, occupation, or employment which is not inconsistent with the expeditious, proper, and impartial performance of their duties as judicial officers.

## § 633. Determination of Number, Locations, and Salaries of Magistrate Judges

**(a) Surveys by the Director.**
1. The Director shall, within one year immediately following the date of the enactment of the Federal Magistrates Act, make a careful survey of conditions in judicial districts to determine (A) the number of appointments of full-time magistrates and part-time magistrates required to be made under this chapter to provide for the expeditious and effective administration of justice, (B) the locations at which such officers shall serve, and (C) their respective salaries under section 634 of this title. Thereafter, the Director shall, from time to time, make such surveys, general or local, as the conference shall deem expedient.

2. In the course of any survey, the Director shall take into account local conditions in each judicial district, including the areas and the populations to be served, the transportation and communications facilities available, the amount and distribution of business of the type expected to arise before officers appointed under this chapter (including such matters as may be assigned under section 636(b) of this chapter), and any other material factors. The Director shall give consideration to suggestions from any interested parties, including district judges, United States magistrate judges or officers appointed under this chapter, United States attorneys, bar associations, and other parties having relevant experience or information.

3. The surveys shall be made with a view toward creating and maintaining a system of full-time United States magistrate judges. However, should the Director find, as a result of any such surveys, areas in which the employment of a full-time magistrate judge would not be feasible or desirable, he shall recommend the appointment of part-time United States magistrate judges in such numbers and at such locations as may be required to permit prompt and efficient issuance of process and to permit individuals charged with criminal offenses against the United States to be brought before a judicial officer of the United States promptly after arrest.

**(b) Determination by the conference.**--Upon the completion of the initial surveys required by subsection (a) of this section, the Director shall report to the district courts, the councils, and the conference his recommendations concerning the number of full-time magistrates and part-time magistrates, their respective locations, and the amount of their respective salaries under section 634 of this title. The district courts shall advise their respective councils, stating their recommendations and the reasons therefor; the councils shall advise the conference, stating their recommendations and the reasons therefor, and shall also report to the conference the recommendations of the district courts. The conference shall determine, in the light of the recommendations of the Director, the district courts, and the councils, the number of full-time United States magistrates and part-time United States magistrates, the locations at which they shall serve, and their respective salaries. Such determinations shall take effect in each judicial district at such time as the district court for such judicial district shall determine, but in no event later than one year after they are promulgated.

**(c) Changes in number, locations, and salaries.**--Except as otherwise provided in this chapter, the conference may, from time to time, in the light of the recommendations of the Director, the district courts, and the councils, change the number, locations, and salaries of full-time and part-time magistrate judges, as the expeditious administration of justice may require.

## § 634. Compensation

**(a)** Officers appointed under this chapter shall receive, as full compensation for their services, salaries to be fixed by the conference

pursuant to section 633, at rates for full-time United States magistrate judges up to an annual rate equal to 92 percent of the salary of a judge of the district court of the United States, as determined pursuant to section 135, and at rates for part-time magistrate judges of not less than an annual salary of $100, nor more than one-half the maximum salary payable to a full-time magistrate judge. In fixing the amount of salary to be paid to any officer appointed under this chapter, consideration shall be given to the average number and the nature of matters that have arisen during the immediately preceding period of five years, and that may be expected thereafter to arise, over which such officer would have jurisdiction and to such other factors as may be material. Disbursement of salaries shall be made by or pursuant to the order of the Director.

**(b)** Except as provided by section 8344, title 5, relating to reductions of the salaries of reemployed annuitants under subchapter III of chapter 83 of such title and unless the office has been terminated as provided in this chapter, the salary of a full-time United States magistrate judge shall not be reduced, during the term in which he is serving, below the salary fixed for him at the beginning of that term.

**(c)** All United States magistrate judges, effective upon their taking the oath or affirmation of office, and all necessary legal, clerical, and secretarial assistants employed in the offices of full-time United States magistrate judges shall be deemed to be officers and employees in the judicial branch of the United States Government within the meaning of subchapter III (relating to civil service retirement) of chapter 83, chapter 87 (relating to Federal employees' group life insurance), and chapter 89 (relating to Federal employees' health benefits program) of title 5. Part-time magistrate judges shall not be excluded from coverage under these chapters solely for lack of a prearranged regular tour of duty. A legal assistant appointed under this section shall be exempt from the provisions of subchapter I of chapter 63 of title 5, unless specifically included by the appointing judge or by local rule of court.

## § 635. Expenses

**(a)** Full-time United States magistrate judges serving under this chapter shall be allowed their actual and necessary expenses incurred in the performance of their duties, including the compensation of such legal assistants as the Judicial Conference, on the basis of the recommendations of the judicial councils of the circuits, considers necessary, and the

compensation of necessary clerical and secretarial assistance. Such expenses and compensation shall be determined and paid by the Director under such regulations as the Director shall prescribe with the approval of the conference. The Administrator of General Services shall provide such magistrate judges with necessary courtrooms, office space, furniture and facilities within United States courthouses or office buildings owned or occupied by departments or agencies of the United States, or should suitable courtroom and office space not be available within any such courthouse or office building, the Administrator of General Services, at the request of the Director, shall procure and pay for suitable courtroom and office space, furniture and facilities for such magistrate judge in another building, but only if such request has been approved as necessary by the judicial council of the appropriate circuit.

(b) Under such regulations as the Director shall prescribe with the approval of the conference, the Director shall reimburse part-time magistrate judges for actual expenses necessarily incurred by them in the performance of their duties under this chapter. Such reimbursement may be made, at rates not exceeding those prescribed by such regulations, for expenses incurred by such part-time magistrate judges for clerical and secretarial assistance, stationery, telephone and other communications services, travel, and such other expenses as may be determined to be necessary for the proper performance of the duties of such officers: Provided, however, That no reimbursement shall be made for all or any portion of the expense incurred by such part-time magistrate judges for the procurement of office space.

## § 636. Jurisdiction, Powers, and Temporary Assignment

(a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law--

1. all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;
2. the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;

3. the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
4. the power to enter a sentence for a petty offense; and
5. the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.

(b)

1. Notwithstanding any provision of law to the contrary--

A. a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

B. a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

C. the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

D. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

2. **Summary criminal contempt authority.**--A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice. The order of contempt shall be issued under the Federal Rules of Criminal Procedure.

3. **Additional criminal contempt authority in civil consent and misdemeanor cases.**--In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, the magistrate judge shall have the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command. Disposition of such contempt shall be conducted upon notice and hearing under the Federal Rules of Criminal Procedure.

4. **Civil contempt authority in civil consent and misdemeanor cases.**--In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, the magistrate judge may exercise the civil contempt authority of the district court. This paragraph shall not be construed to limit the authority of a magistrate judge to order sanctions under any other statute, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure.

5. **Criminal contempt penalties.**--The sentence imposed by a magistrate judge for any criminal contempt provided for in paragraphs (2) and (3) shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of title 18.

6. **Certification of other contempts to the district court.**--Upon the commission of any such act--

    A. in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or

    B. in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--

        (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

        (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or

        (iii) the act constitutes a civil contempt,

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

7. **Appeals of magistrate judge contempt orders.**--The appeal of an order of contempt under this subsection shall be made to the court of appeals in cases proceeding under subsection (c) of this section. The appeal of any other order of contempt issued under this section shall be made to the district court.

(f) In an emergency and upon the concurrence of the chief judges of the districts involved, a United States magistrate judge may be temporarily assigned to perform any of the duties specified in subsection (a), (b), or (c) of this section in a judicial district other than the judicial district for which he has been appointed. No magistrate judge shall perform any of such duties in a district to which he has been temporarily assigned until an order has been issued by the chief judge of such district specifying (1) the emergency by reason of which he has been transferred, (2) the duration of his assignment, and (3) the duties which he is authorized to perform. A magistrate judge so assigned shall not be entitled to additional compensation but shall be reimbursed for actual and necessary expenses incurred in the performance of his duties in accordance with section 635.

(g) A United States magistrate judge may perform the verification function required by section 4107 of title 18, United States Code. A magistrate judge may be assigned by a judge of any United States district court to perform the verification required by section 4108 and the appointment of counsel authorized by section 4109 of title 18, United States Code, and may perform such functions beyond the territorial limits of the United States. A magistrate judge assigned such functions shall have no authority to perform any other function within the territory of a foreign country.

(h) A United States magistrate judge who has retired may, upon the consent of the chief judge of the district involved, be recalled to serve as a magistrate judge in any judicial district by the judicial council of the circuit within which such district is located. Upon recall, a magistrate judge may receive a salary for such service in accordance with regulations promulgated by the Judicial Conference, subject to the restrictions on the payment of an annuity set forth in section 377 of this title or in subchapter III of chapter 83, and chapter 84, of title 5 which are applicable to such magistrate judge. The requirements set forth in subsections (a), (b)(3), and (d) of section 631, and paragraph (1) of subsection (b) of such section to the extent such paragraph requires membership of the bar of the location in which an individual is to serve as a magistrate judge, shall not apply to the recall of a retired magistrate judge under this subsection or section 375 of this title. Any other requirement set forth in section 631(b) shall apply to the recall of a retired magistrate judge under this subsection or section 375 of this title unless such retired magistrate judge met such requirement upon appointment or reappointment as a magistrate judge under section 361.

## § 637. Training

The Federal Judicial Center shall conduct periodic training programs and seminars for both full-time and part-time United States magistrate judges, including an introductory training program for new magistrate judges, to be held within one year after initial appointment.

## § 638. Dockets and Forms; United States Code; Seals

(a) The Director shall furnish to United States magistrate judges adequate docket books and forms prescribed by the Director. The Director shall also furnish to each such officer a copy of the current edition of the United States Code.

(b) All property furnished to any such officer shall remain the property of the United States and, upon the termination of his term of office, shall be transmitted to his successor in office or otherwise disposed of as the Director orders.

(c) The Director shall furnish to each United States magistrate judge appointed under this chapter an official impression seal in a form prescribed by the conference. Each such officer shall affix his seal to every jurat or certificate of his official acts without fee.

## § 639. Definitions

As used in this chapter--

1. "Conference" shall mean the Judicial Conference of the United States;

2. "Council" shall mean the Judicial Council of the Circuit;

3. "Director" shall mean the Director of the Administrative Office of the United States Courts;

4. "Full-time magistrate judge" shall mean a full-time United States magistrate judge;

5. "Part-time magistrate judge" shall mean a part-time United States magistrate judge; and

**6.** "United States magistrate judge" and "magistrate judge" shall mean both full-time and part-time United States magistrate judges.

## Provisions of Title 18, United States Code

### § 3401. Misdemeanors; Application of Probation Laws

**(a)** When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

**(b)** Any person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

**(c)** A magistrate judge who exercises trial jurisdiction under this section, and before whom a person is convicted or pleads either guilty or nolo contendere, may, with the approval of a judge of the district court, direct the probation service of the court to conduct a presentence investigation on that person and render a report to the magistrate judge prior to the imposition of sentence.

**(d)** The probation laws shall be applicable to persons tried by a magistrate judge under this section, and such officer shall have power to grant probation and to revoke, modify, or reinstate the probation of any person granted probation by a magistrate judge.

**(e)** Proceedings before United States magistrate judges under this section shall be taken down by a court reporter or recorded by suitable sound recording equipment. For purposes of appeal a copy of the record of such proceedings shall be made available at the expense of the United States

to a person who makes affidavit that he is unable to pay or give security therefor, and the expense of such copy shall be paid by the Director of the Administrative Office of the United States Courts.

(f)  The district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion or, for good cause shown, upon petition by the attorney for the Government. Such petition should note the novelty, importance, or complexity of the case, or other pertinent factors, and be filed in accordance with regulations promulgated by the Attorney General.

(g)  The magistrate judge may, in a petty offense case involving a juvenile, exercise all powers granted to the district court under chapter 403 of this title. The magistrate judge may, in the case of any misdemeanor, other than a petty offense, involving a juvenile in which consent to trial before a magistrate judge has been filed under subsection (b), exercise all powers granted to the district court under chapter 403 of this title. For purposes of this subsection, proceedings under chapter 403 of this title may be instituted against a juvenile by a violation notice or complaint, except that no such case may proceed unless the certification referred to in section 5032 of this title has been filed in open court at the arraignment.

(h)  The magistrate judge shall have power to modify, revoke, or terminate supervised release of any person sentenced to a term of supervised release by a magistrate judge.

(i)  A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title. The magistrate judge shall file his or her proposed findings and recommendations.

## § 3402. Rules of Procedure, Practice and Appeal

In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed.

Exhibit D



**Northwell Health**
Physician Partners

**Occupational and Environmental Medicine of Long Island**
2035 Lakeville Rd, 3ʳᵈ Floor
New Hyde Park, NY 11040
Phone: (516) 492-3297  Fax: (516) 492-3299

2950 Expressway Drive South, Suite 108
Islandia, NY 11749
Phone: (631) 439-5300  Fax: (631) 439-5301

**Jaime Szeinuk, MD**
**Attending Physician**

October 4, 2019

To: Honorable Federal Judge

Re.: **Medical Necessity under ADA Reasonable**
**Accommodation Requests for apartment repairs and**
**timetable for the Court and for the landlord**

Ms. Carol Noe has been my patient since May 2004. I have diagnosed Ms. Noe with the following permanent medical conditions:

1. Butyl carbamate poisoning
2. Persistent asthma
3. Permanent upper airway hyper reactivity
4. Permanent laryngospasm and laryngeal hypersensitivity
5. Bilateral lower lobe bronchiectasis due to mold
6. Frequent intercurrent infections/bronchitis. These conditions have increased in number and severity over the years
7. Chronic allergic bronchitis due to mold exposure in her apartment
8. Clinical sleep apnea.

Ms. Noe has presented respiratory symptoms since 2004. Her medical conditions are permanent and she is permanently disabled due to these conditions. Her conditions manifest with shortness of breath, asthma, cough, secretions and spasm in her throat (laryngospasm), hoarseness and extreme fatigue. Her symptoms present suddenly and have been worsening over time, especially in the past several months. Additionally, these conditions result in frequent episodes of clinical infections of the respiratory system, which have become more frequent over the recent years. Her daily regular medical treatments consist of different types of nebulized and inhaled medications, nasal sprays and oral medication. She is prescribed antibiotics as necessary. Because of these conditions, my patient is permanently disabled. Blood tests confirm worsening her allergic makers, specifically the most recent IgE was elevated at 429 IU, progressively worsening over the recent years. This is related to her exposure to mold in her apartment. Finally, my patient has been presenting worsening clinical symptoms of sleep apnea, especially in the past several months.

As a result of her conditions, which are chronic and permanent, Ms. Noe cannot always fulfill her obligations due to episodes of severe aggravation/relapse of her symptoms that present suddenly.

Ms. Noe reports noticing an ongoing mold odor in her living room. Mold contamination in the apartment has been documented by Industrial Hygienist evaluation done in 2017. My patient reports that her respiratory symptoms, especially the cough and congestion, are made significantly worse while in the apartment.

Given that my patient is disabled, and given her ongoing serious medical conditions, I am kindly requesting to accommodate my patient's medical necessity restrictions in order to not further jeopardize her health. As a consequence, I am kindly asking you to provide her an extension of reasonable time for her upcoming trials and any legal obligations my patient may have in order to give her sufficient time to recover and then the sufficient time to gather and prepare all the required information/ documentation as necessary for her legal proceedings, so she is not placed in further jeopardy of obstructing her medical recovery, nor of losing her home of 28 years, especially considering that she has no legal representative for both housing cases to help her and that she is a disabled person.

To date, as per my patient's report to me, she has not been granted reasonable accommodations under ADA from her landlord and City Housing and State Supreme Courts. It is my understanding, respectfully, that the Court and the landlord are required to address and to provide to her reasonable accommodations as part of the Americans' With Disabilities Act and, therefore, I am kindly appealing to you again since January 2017 to present to grant these required ADA reasonable accommodations for ADA repair timetable without delay as she is unable to properly and timely fulfill her legal obligations at this time and is still without legal representation.

## ADA Reasonable accommodations for apartment repairs and timetable for the Court and for the landlord

Due to her permanent and disabling respiratory conditions, Ms. Noe must avoid exposure to respiratory irritants, including a range of irritants encountered during construction/renovation work; as such exposure may further jeopardize her health. Due to her conditions, such renovation/construction work should be performed no more than one day every fifteen days and in no more than one room at a time, in order to reduce the amount of exposure, thus allowing her sufficient time to recover from the exposure and avoid further compounding respiratory exacerbations. It is my understanding that my patient has already provided again a generous schedule for these repairs to take place, scheduling sessions on a weekly basis. Finally, it is strongly recommended that the New York City Department of Health Guidelines for Mold Remediation, which state that soap and water are the only recommended products for mold remediation, be followed. Only non-toxic products that result in the least respiratory irritation be used during the construction/renovation process should be used, providing advanced review and full disclosure to my patient prior to any construction/renovation work for her advanced approval.

Your attention to these ongoing ADA reasonable accommodations requests would be greatly appreciated. Please feel free to contact me if you need any additional information.

Respectfully,

Jaime Szeinuk, MD
Attending Physician

Exhibit E



**Northwell**
Health

Physician Partners

**Occupational and Environmental Medicine of Long Island**

2035 Lakeville Rd, 3ʳᵈ Floor
New Hyde Park, NY 11040
Phone: (516) 492-3297  Fax: (516) 492-3299

2950 Expressway Drive South, Suite 108
Islandia, NY 11749
Phone: (631) 439-5300  Fax: (631) 439-5301

**Jaime Szeinuk, MD**
**Attending Physician**

October 4, 2019

To:   Ray Realty LLC, Zavesa Zecevic, Julia Zecevic, Dejan Zecevic, Thomas Richard Cummings,
       Morten B. Tjelum, Landlords, 384 Court LLC, TRCU Coffee LLC, RRM Realty, TRUE Coffee,
       LLC

**Re.: <u>Medical Necessity under ADA Reasonable</u>**
**<u>Accommodation Requests for apartment repairs and</u>**
**<u>timetable for the Court and for the landlord</u>**

Ms. Carol Noe has been my patient since May 2004. I have diagnosed Ms. Noe with the following
permanent medical conditions:

1. Butyl carbamate poisoning
2. Persistent asthma
3. Permanent upper airway hyper reactivity
4. Permanent laryngospasm and laryngeal hypersensitivity
5. Bilateral lower lobe bronchiectasis due to mold
6. Frequent intercurrent infections/bronchitis. These conditions have increased in number and
   severity over the years
7. Chronic allergic bronchitis due to mold exposure in her apartment
8. Clinical sleep apnea.

Ms. Noe has presented respiratory symptoms since 2004. Her medical conditions are permanent and she
is permanently disabled due to these conditions. Her conditions manifest with shortness of breath,
asthma, cough, secretions and spasm in her throat (laryngospasm), hoarseness and extreme fatigue. Her
symptoms present suddenly and have been worsening over time, especially in the past several months.
Additionally, these conditions result in frequent episodes of clinical infections of the respiratory system,
which have become more frequent over the recent years. Her daily regular medical treatments consist of
different types of nebulized and inhaled medications, nasal sprays and oral medication. She is prescribed
antibiotics as necessary. Because of these conditions, my patient is permanently disabled. Blood tests
confirm worsening her allergic makers, specifically the most recent IgE was elevated at 429 IU,
progressively worsening over the recent years. This is related to her exposure to mold in her apartment.
Finally, my patient has been presenting worsening clinical symptoms of sleep apnea, especially in the past
several months.

As a result of her conditions, which are chronic and permanent, Ms. Noe cannot always fulfill her
obligations due to episodes of severe aggravation/relapse of her symptoms that present suddenly.

Ms. Noe reports noticing an ongoing mold odor in her living room. Mold contamination in the apartment
has been documented by Industrial Hygienist evaluation done in 2017. My patient reports that her

respiratory symptoms, especially the cough and congestion, are made significantly worse while in the apartment.

Given that my patient is disabled, and given her ongoing serious medical conditions, I am kindly requesting to accommodate my patient's medical necessity restrictions in order to not further jeopardize her health. As a consequence, I am kindly asking you to provide her an extension of reasonable time for her upcoming trials and any legal obligations my patient may have in order to give her sufficient time to recover and then the sufficient time to gather and prepare all the required information/ documentation as necessary for her legal proceedings, so she is not placed in further jeopardy of obstructing her medical recovery, nor of losing her home of 28 years, especially considering that she has no legal representative for both housing cases to help her and that she is a disabled person.

To date, as per my patient's report to me, she has not been granted reasonable accommodations under ADA from this Court and from her landlord. It is my understanding, respectfully, that the Court and the landlord are required to address and to provide to her reasonable accommodations as part of the Americans' With Disabilities Act and, therefore, I am kindly appealing to you again since January 2017 to present to grant these required ADA reasonable accommodations for ADA repair timetable without delay as she is unable to properly and timely fulfill her legal obligations at this time and is still without legal representation.

**<u>ADA Reasonable accommodations for apartment repairs and timetable for the Court and for the landlord</u>**

Due to her permanent and disabling respiratory conditions, Ms. Noe must avoid exposure to respiratory irritants, including a range of irritants encountered during construction/renovation work; as such exposure may further jeopardize her health. Due to her conditions, such renovation/construction work should be performed no more than one day every fifteen days and in no more than one room at a time, in order to reduce the amount of exposure, thus allowing her sufficient time to recover from the exposure and avoid further compounding respiratory exacerbations. It is my understanding that my patient has already provided again a generous schedule for these repairs to take place, scheduling sessions on a weekly basis. Finally, it is strongly recommended that the New York City Department of Health Guidelines for Mold Remediation, which state that soap and water are the only recommended products for mold remediation, be followed. Only non-toxic products that result in the least respiratory irritation be used during the construction/renovation process should be used, providing advanced review and full disclosure to my patient prior to any construction/renovation work for her advanced approval.

Your attention to these ongoing ADA reasonable accommodations requests would be greatly appreciated. Please feel free to contact me if you need any additional information.

Respectfully,

Jaime Szeinuk, MD
Attending Physician