USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/31/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROL NOE,

                Plaintiff,

v.

RAY REALTY, *et al.*,

                Defendants.

---

No. 19-CV-1455 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiff Carol Noe, proceeding *pro se*, filed this action on February 15, 2019 against Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, Dejan Zecevic, and fifteen unidentified John and Jane Does. Dkt. 2. Plaintiff asserts claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, as amended by the Fair Housing Amendments Act, and 42 U.S.C. § 1983, alleging that Defendants, the owners and/or landlords of the building in which she resides, have discriminated and retaliated against her on the basis of her disability.[1] On April 23, 2019, Plaintiff filed an "Ex Parte Motion" for "Emergency TRO Injunctive Relief." Dkt. 38. On May 15, 2019, Defendants' filed their opposition, Dkt. 50, and on June 18, 2019, Plaintiff filed her reply, Dkt. 63. Plaintiff also filed a second motion for an "Emergency TRO" and "TRO-Preliminary Injunctive Relief," largely reiterating the same arguments, on June 24, 2019. Dkt. 68. In both motions,

---

[1] While Plaintiff may also purport to assert discrimination and/or retaliation claims under the Americans with Disabilities Act ("ADA"), any such claim would fail as Plaintiff brings this action against her private landlords. *See, e.g., Stevens v. Ashley Mgmt. LLC*, No. 15-CV-462S, 2016 WL 632005, at *3 (W.D.N.Y. Feb. 17, 2016) (holding that plaintiff's ADA claim fails under both Title II and Title III because defendants did not qualify as "public entities" under Title II and plaintiff's apartment did not constitute a "place of public accommodation" under Title III); *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-CV-7038 (PKC), 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) ("[T]he ADA does not apply to private landlords, even if the premises are used for publicly subsidized housing.") (citation omitted).

Plaintiff appears to seek a temporary restraining order, followed by a preliminary injunction, staying a housing court proceeding that Defendants brought against her for non-payment of rent.

On July 2, 2019, Magistrate Judge Ona T. Wang issued a Report and Recommendation (the "Report") recommending that the Court deny Plaintiff's motions in full. *See* Dkt. 71. After requesting and obtaining multiple extensions of time by which to file objections to the Report, *see* Dkts. 74-75, 80, 82-83, 87-88, Plaintiff ultimately filed her objections on November 12, 2019. Dkt. 90. To date, Defendants have not filed any response to the Objections.

The Court assumes the parties' familiarity with the facts, as outlined in the Report. For the following reasons, the Court adopts Judge Wang's well-reasoned Report in its entirety. Plaintiff's motions for a temporary restraining order and/or a preliminary injunction are therefore denied.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates [her] original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v.*

2

*Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Crum*, 2014 WL 2855030, at *1 (citation omitted).

## DISCUSSION

Plaintiff appears to make four main objections to the Report. First, Plaintiff objects generally to Judge Wang's jurisdiction and authority to issue the Report. Plaintiff states that the parties "have [n]ot consented to permit" Judge Wang to issue the Report, Obj. ¶ 4, and that under 28 U.S.C. §§ 631-639 and 18 U.S.C. § 3401, the magistrate judge is "prohibited" from "issuing a Report & Recommendation when the parties have NOT mutually consented" as well as from making a "determination on a TRO" or a preliminary injunction, Obj. ¶ 5. Contrary to Plaintiff's claim, however, "a judge may designate a magistrate judge to hear and determine any pretrial

3

matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). When a matter is dispositive of a party's claims or where injunctive relief is involved, "the magistrate judge must file proposed findings and recommendations, which a district judge reviews either *de novo* or for clear error." *Farmer v. Fzoad.com Enters. Inc.*, No. 17 Civ. 9300 (GBD) (OTW), 2019 WL 3948175, at *4 (S.D.N.Y. Aug. 21, 2019) (citing 28 U.S.C. § 636(b)(1)(A)-(C) and Fed. R. Civ. P. 72(b)(1)-(3)); *see also Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17 Civ. 00816 (LGS), 2018 WL 4405606, at *2 (S.D.N.Y. Sept. 17, 2018) ("For matters of injunctive relief, a magistrate judge may 'submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in [§ 636(b)(1)(A)].'"). "Where, as here, a district court judge refers a case to a magistrate judge, the magistrate judge may review all findings of fact and conclusions of law, and draft a report based on those findings." *Farmer*, 2019 WL 3948175, at *4 (citing 28 U.S.C. § 636(b)(1)(C)).

The Court referred this case to Magistrate Judge Wang for general pretrial purposes and for a report and recommendation on Plaintiff's motions for injunctive relief, *see* Dkt. 22, which was entirely proper. *See Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996) ("[T]he [Federal Magistrates Act] outlines a precise procedure by which various matters, including motions for a preliminary injunction, can be referred to a magistrate judge for a report and recommendation.") (citing 28 U.S.C. § 636(b)(1)). Indeed, it is well established that a magistrate judge may issue a report and recommendation on motions for injunctive relief, including for a temporary restraining order or preliminary injunction. *See, e.g., Tangtiwatanapaibul*, 2018 WL 4405606, at *1-3; *Magassouba v. United States*, No. 08 Civ. 4560 (LAP) (HBP), 2012 WL 6720546, at *1 (S.D.N.Y. Dec. 27, 2012); *Salvatierra v. Connolly*, No. 09 Civ. 3722 (SHS), 2011 WL 9398, at *1 (S.D.N.Y. Jan. 3, 2011); *Swiggett v. Duncan*, No. 01 Civ 11883 (GBD) (MHD), 2004 WL 2912911, at *1-2

(S.D.N.Y. Dec. 14, 2004). Judge Wang thus had the authority to handle the relevant proceedings and draft the Report based on her findings, and did not err in doing so.

It is also worth noting that Plaintiff appears to be confusing the form that she filed on June 24, 2019, initially consenting to conduct *all* further proceedings before the magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, *see* Dkt. 67, with the Court's authority to refer a case to a magistrate judge for specific purposes, such as a report and recommendation, under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72. Plaintiff had initially consented to the former. *See* Dkt. 67. Although Defendants filed a letter on July 8, 2019 indicating that they too consented to conduct all further proceedings before Judge Wang, *see* Dkt. 73, Plaintiff subsequently filed a "Withdrawal of Consent to Proceed with Magistrate" the following day, *see* Dkt. 74. In an order dated July 10, 2019, Judge Wang granted Plaintiff's request to withdraw her consent to the magistrate judge's authority. *See* Dkt. 75. This did not, however, change the fact that this Court had referred the case to Judge Wang for purposes of, among other things, writing a report and recommendation on Plaintiff's motions for injunctive relief. Furthermore, contrary to Plaintiff's assertion, there is nothing in 28 U.S.C. §§ 631 through 639 or 18 U.S.C. § 3401[2] that prohibits a magistrate judge from issuing a report and recommendation without the parties' consent. Accordingly, Judge Wang was well within her authority in issuing the Report.

Second, Plaintiff objects on the basis that the Report "does not comport" with certain "controlling key case law," namely *Sinisgallo v. Town of Islip Housing Authority*, 865 F. Supp. 2d 307 (E.D.N.Y. 2012), *United States v. 111 East 88th Partners*, No. 16-CV-9446 (PGG) (KHP),

---

[2] 18 U.S.C. § 3401 is inapplicable to this case as it involves a magistrate judge's authority with respect to misdemeanors.

5

2018 WL 4519203 (S.D.N.Y. Sept. 20, 2018), *United States v. 111 East 88th Partners*, No. 16-CV-9446 (JCF), 2017 WL 4217138 (S.D.N.Y. Sept. 19, 2017), and *Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856 (7th Cir. 2018),[3] which Plaintiff asserts were not discussed in the Report. *See* Obj. ¶ 7. As an initial matter, none of these cases are "controlling" legal authority.[4] It is well established that, in this district, only decisions of the United States Supreme Court and Second Circuit Court of Appeals are binding on the district courts. *See, e.g., TM Patents v. IBM*, 107 F. Supp. 2d 352, 353 (S.D.N.Y. 2000) ("Only decisions of the United States Supreme Court and the *relevant* Courts of Appeals are binding on a District Court.") (emphasis in original). Any other decision—including decisions from other Courts of Appeals or other district courts within this district—serves only as persuasive authority. *See Megibow v. Clerk of U.S. Tax Court*, No. 04 Civ. 3321 (GEL), 2004 WL 1961591, at *4 n.5 (S.D.N.Y. Aug. 31, 2004), *aff'd*, 432 F.3d 387 (2d Cir. 2005) (noting that "decisions of other district courts, or even courts of appeals other than the Second Circuit, do not establish precedents binding on this Court").

Putting aside the fact that none of the cases Plaintiff cites are binding on this Court, the Report nonetheless expressly addressed *Sinisgallo v. Town of Islip Housing Authority*, 865 F.

---

[3] Although Plaintiff did not attach the *Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856 (7th Cir. 2018) decision to her filings, and instead only references it as "Wetzel v Glen St Andrew," *see* Obj. ¶ 7, the Court has conducted its own search and assumes that the Seventh Circuit decision is the one she intended to cite.

[4] The only binding case that Plaintiff has attached to her motions is *Mitchum v. Foster*, 407 U.S. 225 (1972), which held that 42 U.S.C. § 1983 falls within the "expressly authorized" exception of the Anti-Injunction Act. *See Mitchum*, 407 U.S. at 242-243. As the Report correctly concluded, however, Plaintiff's claims do not fall into any of the three exceptions of the Anti-Injunction Act, including the "expressly authorized" exception. *See* Report at 4-5. Moreover, although Plaintiff asserts a Section 1983 claim in her Complaint, Plaintiff has failed to state a plausible claim for relief under Section 1983 because Defendants are not state actors and she has not asserted that they "acted under color of state law," as the Report rightly recognized. *See id.* at 5; *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) ("[To state a claim under Section 1983,] a plaintiff must allege that . . . the defendant was a state actor, i.e., acting under color of state law, when he committed the violation."); *Asensio v. DiFiore*, No. 18-CV-10933 (RA), 2019 WL 4392743, at *8 (S.D.N.Y. Sept. 13, 2019) ("The actions of a private citizen . . . may constitute state action only when 'there is such a close nexus between the State and the challenged action that . . . private behavior may be fairly treated as that of the State itself.'") (quoting *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009)).

6

Supp. 2d 307 (E.D.N.Y. 2012), finding it distinguishable because, among other things, it involved claims against a *public* housing authority, brought by plaintiffs in federally-funded housing. *See* Report at 6. The Court finds no clear error in Judge Wang's analysis with respect to this case. In addition, *United States v. 111 East 88th Partners*, No. 16-CV-9446 (PGG) (KHP), 2018 WL 4519203 (S.D.N.Y. Sept. 20, 2018), *United States v. 111 East 88th Partners*, No. 16-CV-9446 (JCF), 2017 WL 4217138 (S.D.N.Y. Sept. 19, 2017), and *Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856 (7th Cir. 2018) are all inapposite. The two *111 East 88th Partners* decisions that Plaintiff attaches did not involve the Anti-Injunction Act or the type of injunctive relief that Plaintiff currently seeks. *See* 2018 WL 4519203, at *4 (granting a motion to compel discovery and denying a cross-motion for a protective order precluding a deposition); 2017 WL 4217138, at *1 (granting a motion to amend the complaint). And *Wetzel* involved the narrow question of whether the FHA covered post-acquisition discrimination in the context of a hostile housing environment claim, *see* 901 F.3d at 861-862, which is not relevant to this case. None of these decisions bear upon the particular issues before the Court. In short, the Report did not err in its legal analysis.

Third, Plaintiff urges the Court to "carefully" review the arguments set forth in her second motion, Dkt. 68, and the exhibits attached thereto. *See* Obj. ¶ 8. But Judge Wang too carefully considered "all of Plaintiff's motions for injunctive relief," including the second motion filed on June 24, 2019, "as well as Plaintiff's complaint and supporting exhibits," and construed all of these filings "to raise the strongest claims they may suggest." *See* Report at 1, 8. Having reviewed the Report for clear error, including with respect to Dkt. 68 and its exhibits in particular, the Court finds none. *See Reyes v. Superintendent of Attica Corr. Facility*, No. 11-CV-2479 (RA), 2015 WL 3526093, at *4 (S.D.N.Y. June 2, 2015).

7

Finally, Plaintiff objects, in blanket fashion, "to each [a]nd every point made" by Judge Wang because, Plaintiff contends, "it is legally not on point" given the facts of the case. *See* Obj. ¶ 7. This is a conclusory and general objection, and the Court will only address it by reviewing the Report for clear error. *See Walker*, 216 F. Supp. 2d at 292 ("[W]hen a party makes only conclusory or general objections, or simply reiterates [her] original arguments, the Court reviews the Report and Recommendation only for clear error.").

In sum, while the Court is sympathetic to Plaintiff's desire to stay in her apartment, it finds no error—clear or otherwise—in Judge Wang's Report. *See Walker*, 216 F. Supp. 2d at 292. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Wang.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, Plaintiff's motions for a temporary restraining order or a preliminary injunction are denied. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 38 and 68, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    January 31, 2020
             New York, New York

Ronnie Abrams
United States District Judge