**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
CAROL NOE,                                            :
                                                     :
                    Plaintiff,                       :          19-CV-1455 (RA) (OTW)
                                                     :
                    -against-                        :          **ORDER**
                                                     :
RAY REALTY, et al.,                                  :
                                                     :
                    Defendants.                      :
                                                     :
                                                     :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

This Court held a conference on May 3, 2019. During the conference Plaintiff explained

that she wanted to amend her complaint to add two new defendants: TRCU Coffee and 384

Court. (ECF 51 at 3, 33). She claimed that the parties should be added because she believed

they were additional co-owners of the subject property, because defense counsel's notice of

appearance in this case listed "TRCU Coffee" and "384 Court" as defendants in the caption. (ECF

56 at 4-5; *see also* ECF 24). Defendants represented that this was a clerical error in the notice of

appearance and that the subject property is owned solely by Ray Realty. (ECF 59 at 1).

At the conference and in a subsequent order by the Court, Plaintiff was directed to file a

letter motion by May 31, 2019 seeking leave to amend her complaint and explaining why the

new defendants should be added. (ECF 44). On May 31, 2019, Plaintiff requested an extension

to that deadline, which the Court granted, and the letter motion for leave to amend was

submitted on June 7, 2019. (*See* ECF 54, 55, and 56). Her 10-page letter motion included 43

pages of exhibits and sought to add new facts and several claims beyond naming TCRU Coffee

and 384 Court as additional defendants. (ECF 56). On June 14, 2019, Defendants timely filed

their opposition to the motion. (ECF 59). After being made aware that Plaintiff had been emailing court employees – after already having been warned several times not to do so – to request an extension to the deadline to file her reply, I noted that "Plaintiff is responsible for ensuring that her papers are timely filed[.]" (ECF 62). Plaintiff filed her reply on June 18, 2019. (ECF 63).

At the status conference on June 20, 2019, I directed Plaintiff to file a proposed amended complaint by August 9, 2019 to accompany her letter motion. (ECF 66). On July 9, 2019, Plaintiff requested an extension to file the proposed amended complaint. (ECF 76). The deadline was then extended to September 30, 2019. (ECF 77). Plaintiff again requested an extension to file her proposed amended complaint, and this was again granted, with the new deadline being October 31, 2019. (ECF 86). On October 31, 2019, Plaintiff asked for yet another extension to file the proposed amended complaint by November 11, 2020, and this was also granted. (ECF 87; ECF 89). Citing a Court holiday, Plaintiff filed her proposed amended complaint, on November 12, 2019. (ECF 91). On that same day, Plaintiff filed objections to my Report and Recommendation on another issue. (ECF 90). These two documents were identical despite one being filed as her objections to the Report and Recommendation and the other being filed as her proposed first amended complaint. (*Compare* ECF 90 *with* ECF 91).

Within ECF 90 and ECF 91, Plaintiff stated she was unable to file "supplemental exhibits" in support of her complaint, but that she would do so by November 18, 2019. (ECF 90 at 2; ECF 91 at 2). Nothing was filed on the CM/ECF docket, and on December 12, 2019, Plaintiff wrote to the Court that she had mailed the exhibits on November 15, 2019, but they were now "lost somewhere in the Courthouse or Pro Se Office[.]" (ECF 92 at 2). On December 20, 2020, the

Court extended Plaintiff's deadline to file her amended complaint and any supplemental exhibits *nunc pro tunc* until January 3, 2020. (ECF 94). On January 2, 2020 – now 6.5 months since the initial deadline had been set – Plaintiff filed her proposed amended complaint with supplemental exhibits. (ECF 95).

After Defendants were able to review the proposed amended complaint, Defendants requested they be allowed to file a supplemental opposition to Plaintiff's motion to amend. (ECF 97). The Court granted the request and directed Defendants to submit their opposition by February 28, 2020, which they did. (ECF 97, 98, and 100). Plaintiff then asked that she be given until April, 30, 2020 to file a reply, and this request was also granted. (ECF 102). Plaintiff now asks for an additional two months – until June 30, 2020 – to file her reply. (ECF 104).

Plaintiff's extension requests have been based on a variety of reasons, but are primarily based on various health conditions and disabilities, some of which form the basis of the currently operative complaint. Both the undersigned and Judge Abrams have accommodated Plaintiff and granted every request for an extension she has made, notwithstanding Plaintiff's failure to adhere to the individual rules of the undersigned, which require such a request to be made 48 hours in advance of the deadline and for the request to state:

> (1) The original date(s), with a citation to the ruling setting the original date; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.

(Wang Indiv. Prac. in Civ. Cases § 1(e)).

Regarding the current request, Plaintiff seeks an additional 2 months – and thus a total of 4 months – to file her reply to Defendants' opposition. She does not explain why her health condition has prevented her from preparing or filing her reply, both of which can presumably

be done remotely.[1] She does state that she is currently unable to obtain "key" material and exhibits in support of her reply, but does not explain why, if they are "key," they were not attached to her proposed amended complaint or initial motion.

Despite this, given the extraordinary situation of the COVID-19 pandemic, Plaintiff's request for an extension to file her reply is hereby **GRANTED**, but there will be no further extensions absent extraordinary circumstances. Plaintiff's reply is now due by **June 30, 2020**.

**Any further requests for an extension made by Plaintiff must comply with my Individual Practices, which are available on the Court's website. If Plaintiff later seeks an additional extension to file her reply she must explain in detail why she was unable to complete her reply brief in a timely manner, and to the extent she relies on the ability to obtain documents from government bodies, (*see* ECF 104), what these documents are, and why they are necessary for her reply.**

Defendants are directed to mail a copy of this order to Plaintiff within 7 days and file proof of service on the CM/ECF docket.

**SO ORDERED.**

Dated: April 29, 2020
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[1] In light of the ongoing COVID-19 pandemic, the Pro Se Intake Unit is accepting filings through the mail and through a drop box located in the courthouse lobby. Filings from *pro se* parties without electronic filing privileges are also being temporarily accepted by email. Further information and instructions may be found at https://www.nysd.uscourts.gov/prose. Parties are encouraged to avoid travel and submit filings via mail or email.