UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CAROL NOE,

                    Plaintiff(s),

      -against-

RAY REALTY, et al.,

                    Defendant(s).

------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:_ 12/15/23 _____

19 Civ. 01455 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 15, 2019, Plaintiff Carol Noe, who is permanently disabled, brought a pro

se complaint against Defendants alleging, among other claims, violations of the Fair Housing

Act. (ECF 2.) Defendants answered the Complaint on April 17, 2019. (ECF 34, 35.)

On June 7, 2019, Plaintiff filed a motion for leave to amend the complaint (ECF 56), but

she did not include a proposed amended complaint. Defendants opposed the motion. (ECF 59.)

Plaintiff filed her proposed amended complaint on November 12, 2019. (ECF 91.) On December

17, 2019, Plaintiff asked to submit supplemental exhibits to her proposed amended complaint.

(ECF 92.) On January 2, 2020, Plaintiff refiled her proposed amended complaint, this time with

exhibits. (ECF 95.) On February 28, 2020, Defendants filed a supplemental opposition to

Plaintiff's motion to amend the complaint. (ECF 100.) On July 1, 2020, Plaintiff filed what she

called "opposition reply to not dismiss first amended complaint," which I construe as a reply

brief in further support of her motion to amend. (ECF 107.)

On July 27, 2020, Plaintiff was ordered to refile the exhibits to her proposed amended

complaint. (ECF 109.) On June 28, 2021, Plaintiff was ordered to refile the exhibits to her

proposed amended complaint in hard copy. (ECF 113.) On July 28, 2021, Plaintiff filed a

document objecting to the order to refile her exhibits to the proposed amended complaint in hard copy; that document also sought miscellaneous other relief from the Court. (ECF 114.)

On June 5, 2023, the Court ruled that ECF 114 would be deemed the operative complaint. (ECF 135.) On June 28, 2023, Defendants moved to dismiss the operative complaint. (ECF 140, 144.) On October 31, 2023, Plaintiff opposed the motion to dismiss on the ground that she did not intend ECF 114 to be her amended complaint. (ECF 153.) She objected in at least one other filing. (ECF 159) to the order (ECF 135) deeming ECF 114 to be the operative complaint.

I construe ECF 153 and ECF 159 to be a motion to withdraw ECF 114 as the operative complaint and to deem ECF 95 as the amended complaint. I evaluate this motion under the standard for permitting a plaintiff to amend her complaint pursuant to Rule 15(a), which provides that leave to amend should be "freely given when justice so requires." The practice in this Circuit is to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. *See State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981). Here, it seems clear that Plaintiff did not intend ECF 114 to serve as her amended complaint and that she intended ECF 95 to be the operative complaint, which weighs in favor of ordering that ECF 95 is the operative complaint.

In opposing Plaintiff's motion to amend the original complaint, Defendants pointed out deficiencies in ECF 95 and argued that permitting that amendment would be futile. (ECF 100, First Memo. in Opp. to Mot. to Amend, at 5-8.) However, "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim." *Matima v. Celli,* 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once

when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted). Plaintiff "has not yet had the benefit of a decision of the Court explaining the pleading standards necessary for her claims to survive a motion to dismiss." *Al-Haj v. Akuamoah,* No. 19-CV-6072 (LJL), 2021 WL 964211, at *5 (S.D.N.Y. Mar. 15, 2021). Accordingly, it is ORDERED that the operative complaint in this case is ECF 95.

Since ECF 114 is no longer the operative complaint, I invite Defendants to file a letter on the docket requesting to withdraw their pending motions to dismiss (ECF 140, 144), without prejudice to filing motions to dismiss ECF 95. If they do not ask to withdraw the pending motions to dismiss by **January 2, 2024,** I will issue a report and recommendation that Judge Reardon deny those motions as moot. If they do withdraw their pending motions to dismiss, they have until **January 16, 2024,** to file motions to dismiss ECF 95. If Defendants file motions to dismiss ECF 95 on or before **January 16, 2024,** Plaintiff shall have until **March 15, 2024**, to oppose those motions, and Defendants shall have until **March 22, 2024,** to file their reply briefs in further support of their motions to dismiss.

If the Plaintiff has questions about this order, she should contact the Court's Pro Se Intake Unit at (212) 805-0175, or the independent NYLAG Legal Clinic for Pro Se Litigants in the SDNY at (212) 659 -6190.

DATED:  December 15, 2023
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge