UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROL NOE,                                                        :
                                                                  :
        Plaintiff,                                        :   **AMENDED OPINION AND ORDER**
                                                                  :
        -v-                                               :   19-CV-1455 (JHR) (RFT)
                                                                  :
RAY REALTY, et al.,                                               :
        Defendants.                                       :
------------------------------------------------------------------X

**ROBYN F. TARNOFSKY, United States Magistrate Judge.**

      This case was referred to a magistrate judge for general pretrial purposes, including discovery, non-dispositive pretrial motions and settlement, as well as for dispositive motions (*see* ECF 22), and the reference was assigned to me on November 15, 2023. On December 19, 2023, Plaintiff Carol Noe filed a document (ECF 166) seeking a stay of my Order of December 15, 2023 (ECF 162), which, among other things, granted what I construed to be her motion to amend the complaint so that ECF 95 is the operative complaint in the case. I interpret her December 19, 2023 filing to be a request for reconsideration of that Order insofar as it included a briefing schedule in the event that Defendants choose to move to dismiss ECF 95.

**I.**     **Magistrate Judges Have the Authority To Issue Non-Dispositive Orders**

      Plaintiff points out that she has not consented to have this case referred to a magistrate judge for all purposes. She appears to be making the threshold argument that I was not authorized to issue ECF 162, because magistrate judges are not permitted to issue orders on dispositive motions absent the consent of all parties. However, an order setting a briefing schedule for a motion to dismiss is not a dispositive order. As Judge Ronnie Abrams explained earlier in this case in response to a similar argument by Plaintiff: "[A] judge may designate a

magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(l)(A)." (ECF 96, Order Adopting Report and Recommendation at 3-4.) Judge Abrams went on to explain:

> It is also worth noting that Plaintiff appears to be confusing the form that she filed on June 24, 2019, initially consenting to conduct *all* further proceedings before the magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, *see* Dkt. 67, with the Court's authority to refer a case to a magistrate judge for specific purposes . . . .

(*Id.* at 5.)

## II.     Defendants Are Permitted To Move To Dismiss the Operative Complaint

Plaintiff takes the position that, because Defendants answered the original complaint, they are not permitted to move to dismiss the current operative complaint. (ECF 166.) Plaintiff is correct that Defendants answered the original complaint. (ECF 34; ECF 35.) However, Plaintiff asked to amend the original complaint (ECF 56) and filed ECF 91 and later ECF 95 as her proposed amended complaint. Defendants opposed the request. (ECF 59; ECF 100.) Plaintiff filed ECF 107 in further support of her request to amend.

The Court issued an order deeming another filing by Plaintiff, ECF 114, to be the amended complaint. Defendants asked to dismiss ECF 114. (ECF 140.) Plaintiff filed ECF 153 and ECF 159, which I construed to be a request to withdraw ECF 114 as the operative complaint and to deem ECF 95 to be the amended complaint. I granted that request and ordered that the

operative complaint in this case is ECF 95; I also set a briefing schedule in the event that Defendants choose to ask to dismiss ECF 95. (ECF 162.)

Defendants are entitled, if they so choose, to ask the Court to dismiss the operative complaint, which is now ECF 95. As this Court has explained:

> In general, the amended complaint is the "legally effective pleading for Rule 12(b)(6) purposes." *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999). "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *see also, e.g.*, *Rodriguez v. It's Just Lunch Int'l*, No. 07-CV-9227 (SJS) (LMF), 2009 WL 399728, at *3 (S.D.N.Y. Feb. 17, 2009) (treating defendants' motion to dismiss the amended complaint as a motion pursuant to Fed. R. Civ. P. 12(b)(6) after defendants had answered the original complaint). As Defendants have yet to answer the Amended Complaint, Defendants have not waived their right to move to dismiss. *Cf. Moore v. Shahine*, No. 18-CV-463 (AT) (KNF), 2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019) (finding defendant's motion to dismiss untimely after the defendant had answered the plaintiff's second amended complaint).

*Bao Guo Zhang v. Shun Lee Palace Rest., Inc.,* No. 17-CV-00840 (VSB), 2021 WL 634717, at *5 (S.D.N.Y. Feb. 16, 2021). Put another way, answering the original complaint does not waive a defendant's right to move to dismiss an amended complaint, except with respect to objections that go to the defendant's "'willingness to submit a dispute to judicial resolution,'" such as

objections to personal jurisdiction, venue, insufficiency of process and insufficiency of service of process. *Id.* (quoting *Shields v. Citytrust Bancorp, Inc.,* 25 F.3e 1124, 1128 (2d Cir. 1994).

### III.     Plaintiff's Concern About the Briefing Schedule

Plaintiff states that she opposes in advance a request to dismiss the operative complaint being filed by Defendants on or before January 16, 2024, because she "will not have any access to documents, emails, notices, orders nor a computer until early Feb[ruary] . . . ." (ECF 166 at 4). Accordingly, <u>if Defendants file a motion to dismiss the operative complaint, they are ORDERED to mail a paper copy of the motion and all supporting papers to Plaintiff on the same day that they file such motion on ECF</u>. If Defendants file a motion to dismiss, Plaintiff will have at least two months, until March 15, 2024, to oppose that motion.

Dated:     New York, New York
           December 21, 2023

SO ORDERED.

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE