```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROL NOE,                                                        :
                                                                  :
                Plaintiff,                                        :      ORDER
                                                                  :
        -v-                                                       :      19-CV-1455 (JHR) (RFT)
                                                                  :
RAY REALTY, et al.,                                               :
                Defendants.                                       :
------------------------------------------------------------------X
```

**ROBYN F. TARNOFSKY, United States Magistrate Judge.**

On February 12, 2024, Plaintiff filed a letter making several requests: (1) adjournment of the settlement conference from to March 13, 2024 to May 1, 2024, with ex parte pre settlement conference filings due April 30, 2024; (2) an extension of time to file her opposition to Defendants' motion to dismiss the AC from April 1, 2024 to May 30, 2024; (3) oral argument on the motion to dismiss the AC; (4) instructions on how to file materials under seal; and (5) appointment of counsel for all purposes (not just for settlement purposes). (*See* ECF 179, Letter.) On the same day, she filed a motion seeking a stay of my order dated December 15, 2023 (ECF 162, Order), which appears to be substantively identical to her motion seeking the same relief filed on December 19, 2023 (ECF 166, Mot.), which motion I denied on December 21, 2023 (ECF 168, as corrected by ECF 169. Order). (*See* ECF 180, Mot.) Defendants oppose Plaintiff's requests. (*See* ECF 181, Letter.)

Federal judges have "broad discretion" when deciding whether to try to obtain pro bono counsel for litigants who cannot afford to hire their own lawyer. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters."

*Burgos*, 14 F.3d at 789; 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)). In fact, courts should seek pro bono counsel judiciously to preserve the "precious commodity" of volunteer lawyers for those litigants who truly would benefit from a lawyer's assistance. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 2013 WL 150206 (CM), at *1 (S.D.N.Y. Jan. 11, 2013).

The Second Circuit in *Hodge* ruled that, before seeking pro bono counsel for a pro se litigant in a civil case, a court must first determine "whether the indigent's position seems likely to be of substance"; this "merit" factor requires the most attention. *Hodge*, 802 F.2d at 61; *Cooper*, 877 F.2d at 172. In making this determination, the Court construes the pro se pleadings liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). "If the claim meets this threshold requirement," the Court should consider the litigant's ability to obtain counsel and her ability "to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see also Hodge*, 802 F.2d at 61-62.

For purposes of the application for pro bono counsel, I construe the AC liberally and assume it has "some likelihood of merit" and therefore meets the threshold requirement under *Hodge*. *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (internal quotation marks

omitted); *see also McCray v. Lee*, No. 16-CV-1730 (KMK), 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit").

However, Plaintiff has not demonstrated that she cannot find counsel on her own, and so her request that the Court locate pro bono counsel for her should be denied. *See Jackson v. Stewart*, No. 22-CV-7476 (KMK), 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (denying a request for pro bono counsel because the plaintiff had failed to show that he was unable to locate counsel); *Moritz v. Town of Goshen*, No. 15-CV-5424 (NSR) (LMS), 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying an application to request pro bono counsel where it was "unclear how many lawyers [the pro se defendant] ha[d] contacted and whether she ha[d] fully exhausted all possible efforts to obtain counsel"); *Anderson v. Romano*, No. 08-CV-0559 (JSR) (KNF), 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"). In particular, Plaintiff does not appear to have contacted legal services clinics or non-profit organizations, meaning that her "search was not exhaustive." *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403 (CM) (JLC), at *2 (S.D.N.Y. Jan. 14, 2013).

Nor has Plaintiff demonstrated why she needs counsel. She suggests that she is entitled to pro bono counsel, because "ADA PLAINTIFFS [sic] RIGHTS MUST BE PROTECTED." (ECF 179, Letter at 3.) However, the fact that a litigant is disabled does not mean that she is *entitled* to pro bono counsel. While a plaintiff's disability can, in certain circumstances, support an

application for counsel, *see Carey v. Smith,* No. 90-CV-7245 (MJL), 1992 WL 316140, at *4 (S.D.N.Y. Oct. 19, 1992) (granting a request for pro bono counsel in part because the plaintiff had a long history of mental health issues), Plaintiff here has not explained how her respiratory disability impedes her from litigating this case. *See Walters v. NYC Health Hosp. Corp.*, No. 02-CV-0751 (JGK) (DF), 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002) (denying request for pro bono counsel when the plaintiff did not explain the nature of his disability or how that disability affected his ability to prosecute the case). To the extent that Plaintiff's health problems prevent her from meeting litigation deadlines, the Court has been more than willing to allow her additional time.

To the extent that Plaintiff is arguing that she lacks the legal expertise to litigate this case, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio DDS*, No. 11-CV-6061 (PKC) (KNF), 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate [her] claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865 (RCC) (KNF), 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999). Her claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-0028 (CM), 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2023). And her claims are based on primarily on events that happened in her presence and therefore do not seem to require significant investigation. *See Person v. Ercole*, No. 08-CV-7532 (LAP) (DF), 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not demonstrated that finding pro bono counsel for her would make it more likely that the Court will make "a just determination in this case." *Shelby v. Petreucci*, No. 23-CV-4315 (KMK), 2023 WL 6623180, at *2-3 (S.D.N.Y. Oct. 11, 2023). Accordingly, I cannot conclude that Plaintiff has justified being provided with pro bono counsel at this time. Plaintiff may renew her request at a later stage in the case if circumstances change.

**Conclusion**

1. Plaintiff's request for an adjournment of the settlement conference until May 1, 2024, with ex parte settlement conference filings due April 30, 2024, is GRANTED.

2. Plaintiff's request for an extension of time until May 30, 2024 to file her opposition to Defendants' motions to dismiss the AC is GRANTED, but Plaintiff is cautioned that the time she is being given to respond to those motions is quite generous (from January 31, 2024 to May 30, 2024), and so no further extensions will be granted absent very good cause shown. Plaintiff has expressed her desire for the case to proceed to discovery, but discovery will not begin before there is a decision on the motions to dismiss the AC. At this point, it is her request for an extension of time to oppose the motions to dismiss that is preventing the case from moving forward.

3. If Plaintiff files her opposition to Defendants' motions to dismiss by May 30, 2024, then Defendants' replies will be due on June 6, 2024.

4. I will decide whether to hold oral argument on the motions to dismiss the AC after reviewing the parties' written submissions.

5. Instructions on how to file materials under seal may be found in Section III.E of my Individual Rules, available at https://wp.nysd.uscourts.gov/sites/default/files/practice_documents/RFT%20Tarnofsky%20Individual%20Rules.pdf.

6. Plaintiff's request for counsel for all purposes is DENIED.

7. Plaintiff's motion to stay my order of December 15, 2023 is DENIED, for the reasons set forth in my order Dated December 21, 2023 (ECF 168, as corrected by ECF 169). The Clerk of Court is respectfully requested to terminate Docket Number 180.

Dated: New York, New York
February 15, 2024

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge