UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL NOE, | |
| Plaintiff, | 19-CV-01455 (JHR) (RFT) |
| -against- | **<u>ORDER</u>** |
| RAY REALTY, ET AL., | |
| Defendants. | |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 14, 2019, Plaintiff Carol Noe brought a pro se complaint against Defendants Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, Dejan Zecevic (together, the "Original Defendants"), as well as 15 John and Jane Does, alleging a variety of claims including violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act (the "FHA"), 42 U.S.C. 3601, et seq., in connection with Defendants' alleged acts of disability discrimination and retaliation. The operative complaint appears at ECF 95 (the "AC"). It names additional Defendants TRUE Coffee, TRCU Coffee, 384 Court, Thomas Cummings and Morten Teljum (together, the "Coffee Defendants"); additional defendants Daejan NY Ltd., Labe Twerski, Sam Becker, and 41-25 44th Street Owners Corp. (together, the "Twerski Defendants"); additional defendants 41-25 44th Street Apt. A7 Queens, Robert Gregor, RRM Realty, Adi Nahmani, 1651 Coney Island Avenue 4 11230 (together, the "Non-Appearing Defendants"); and 34 John and Jane Does. Original Defendants, Coffee Defendants and Twerski Defendants have filed motions to dismiss. (*See* ECF 173, 174, 175, 200.) It appears that the arguments made in support of those motions to dismiss apply equally to the Non-Appearing Defendants. To promote efficiency, I expect that my report and recommendation addressing the motions to dismiss will

include Plaintiff's claims against the Non-Appearing Defendants. S*ee, e.g., Milton v. Ocwen Mortg. Servicing, Inc.*, No. 16-CV-3837 (MKB) (JO), 2017 WL 2992489, at *4 ( E.D.N.Y. July 14, 2017) (dismissing claims against non-appearing defendants on the same grounds applicable to defendants that appeared); *Vondette v. McDonald*, No. 00-CV-6874, 2001 WL 1551152, at *1 n. 2 (S.D.N.Y. Dec. 5, 2001) ("Although defendant Park has not joined in the other defendants' motions, this Court will nonetheless enter judgment dismissing the action as to all defendants, on its own motion."); *Raitport v. Chemical Bank*, 74 F.R.D. 128, 134 (S.D.N.Y. 1977) ("No conceivable purpose can be served by awaiting the receipt of motion papers from the less diligent counsel."); *see also Walters v. Indus. & Commercial Bank of China, Ltd*., 651 F.3d 280, 293 (2d Cir. 2011) (noting that "[b]oth the Supreme Court and the Second Circuit have long held that courts may dismiss actions on their own motion in a broad range of circumstances where they are not explicitly authorized to do so by statute or rule").

Accordingly, Plaintiff is ordered to include in her opposition to the pending motions to dismiss, which is due on **June 28, 2024**, any arguments as to why the claims against the Non-Appearing Defendants should not be dismissed. Plaintiff is cautioned that her failure to do so may in itself result in my recommending that the Court dismissing the claims against the Non-Appearing Defendants on its own motion.

DATED:  May 2, 2024
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge