USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL NOE, | |
| Plaintiff, | 19 Civ. 1455 (JHR) (RFT) |
| -v.- | ORDER ADOPTING REPORT AND RECOMENDATION |
| RAY REALTY et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

In 2019, Plaintiff Carol Noe, acting *pro se*, brought this action against Defendants Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, and Dejan Zecevic (collectively, the "Original Defendants"), as well as fifteen John and Jane Does, for violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act (the "FHA"), 42 U.S.C. 3601, *et seq.*, and the Americans with Disabilities Act (the "ADA"); and for constitutional violations under 42 U.S.C. § 1983. In essence, Plaintiff averred that the Original Defendants engaged in acts of disability discrimination and retaliation by refusing to provide reasonable accommodations for her disability when making repairs to her apartment. *See* ECF 2 (Compl.). Plaintiff amended her complaint on January 2, 2020. *See* ECF 95 (Am. Compl.). The amended complaint names several additional Defendants (collectively, the "New Defendants"): TRUE Coffee, TRCU Coffee, 384 Court, Thomas Cummings, and Morten Teljum (the "Coffee Defendants"); Daejan NY Ltd., Labe Twerski, Sam Becker, and 41-25 44th Street Owners Corp. (the "Twerski Defendants"); Robert Gregor ("Gregor"); 41-25 44th Street Apt. A7 Queens, RRM Realty, Adi Nahmani, 1651 Coney Island Avenue 4 11230 (the "Non-Appearing Defendants"); and 34 John and Jane Does. *See id.*

Four motions to dismiss were filed, respectively, by the Original Defendants, ECF No. 173, the Coffee Defendants, ECF No. 175, the Twerski Defendants, ECF No. 200, and Gregor,

ECF No. 216, on the ground that Plaintiff had failed to state a claim. Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky recommending that Defendants' four motions to dismiss be granted with leave to replead some of Plaintiff's claims against some of the Defendants. ECF No. 220 (R&R) at 3. For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, grants Defendants' motions to dismiss, denies Plaintiff's Motion for Emergency Relief, and dismisses all of Plaintiff's claims with prejudice except for those under the FHA for discrimination and retaliation against Defendants Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, and Dejan Zecevic, which are dismissed without prejudice.

## BACKGROUND[1]

On March 1, 2019, the Honorable Ronnie Abrams, to whom this case was originally assigned, referred the action to Magistrate Judge Ona T. Wang for general pretrial purposes.[2] ECF No. 14. The referral was amended on March 11, 2019 to include adjudication of dispositive motions, ECF No. 22, and on November 15, 2023, the referral was reassigned to Judge Tarnofsky.

The four motions to dismiss the amended complaint that were filed, respectively, by the Original Defendants, ECF No. 173, the Coffee Defendants, ECF No. 175, the Twerski Defendants, ECF No. 200, and Gregor, ECF No. 216, argued that Plaintiff had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3] On August 5, 2024, Plaintiff filed a 12-page "Notice of Motion for Emergency Relief," which the Court construes as objections to the Report and Recommendation. See ECF No. 221 (Pl. Obj.). In that filing, Plaintiff reiterated

---

[1] The Court assumes familiarity with the facts and procedural history as detailed in the Report and Recommendation, see R&R at 3-17, and therefore does not fully recount them here.
[2] The case was reassigned to this Court in 2023.
[3] Each movant also filed a reply memorandum or affirmation. See ECF Nos. 212, 213, 217, 218.

some of her claims; asked for an extension to file another doctor's note; accused the Court and Judge Tarnofsky of "judicial misconduct"; and cited further case law in alleged support of her earlier arguments. *See id.* at 3-4. Some of the Defendants that had moved to dismiss then filed declarations or responses in opposition to these objections. *See* ECF Nos. 222, 223, and 224.

Judge Tarnofsky issued a 51-page Report and Recommendation on July 22, 2024, which recommended as follows, *see* R&R at 49-50:

- Dismiss with prejudice the claims against Defendants Daejan NY Ltd., Gregor, RRM Realty, TRUE Coffee, TRCU Coffee, 384 Court, Thomas Cummings, Morten Teljum, Labe Twerski, Sam Becker, Adi Nahmani1651 Coney Island Avenue 4 11230, 41-25 44th Street Owners Corp., 41-25 44th Street Apt. A7 Queens, and 34 John and Jane Does;
- Dismiss with prejudice the claims under the ADA and the Rehabilitation Act;
- Dismiss with prejudice the claims under 42 U.S.C. § 1983;
- Dismiss with prejudice the claims for fraud, intentional infliction of emotional distress, and invasion of privacy;
- Dismiss with prejudice the claims under the FHA against Defendant Ray Realty for failure to make reasonable accommodations by performing repairs in the manner requested by Plaintiff;
- Dismiss with prejudice the claims under the FHA against Defendants Zavisa Zecevic, John Militec, Julia Zecevic, and Dejan Zecevic for failure to make reasonable accommodations by performing repairs in the manner requested by Plaintiff; and
- Dismiss without prejudice claims under the FHA for discrimination and retaliation against Defendants Ray Realty, Zavisa Zecevic, John Militec, Julia Zecevic, and Dejan Zecevic.

3

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (same); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

With respect to any portions of the report and recommendation as to which no objection is made, the Court may adopt such portions "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

When making objections, "[p]ro se parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

Plaintiff's objections do not address any "particular findings" in the Report and Recommendation. *See Bailey*, 2014 WL 2855041, at *1. Instead, Plaintiff "simply reiterates [some of her] original arguments" in the amended complaint. *Wallace*, 2014 WL 2854631, at *1; Pl. Obj; *compare, e.g.*, Am. Compl. at 5 ("Please note that Plaintiff DOES NOT CONESENT [sic] to use of a Magistrate[.]"), *with* Pl. Obj. at 5 ("NO CONSENT GIVEN TO MAGISTRATE[.]"). With respect to Plaintiff's request for an extension based on her stated need to seek a doctor's note, *see* Pl. Obj. at 3, the Report and Recommendation explained that, "[g]iven the multiple prior extensions previously given to Plaintiff, resulting in her having over five months to respond to the original motions to dismiss and over two months to respond to the later-filed and substantially similar motion to dismiss," medical excuses "cannot constitute" the "extraordinarily good cause" necessary to support a further extension.[4] R&R at 11 (citing cases).

Accordingly, the Report and Recommendation is adopted in its entirety, and the Court dismisses all claims pursuant to Rule 12(b)(6). If Plaintiff wishes, within thirty days, by **April 30, 2025**, she may file a second amended complaint repleading her FHA discrimination and retaliation claims against Defendants Ray Realty, Zavisa Zecevic, Militec, Julia Zecevic, and Dejan Zevecic. Plaintiff is reminded that this second amended complaint will replace and not

---

[4] Plaintiff has not made any further submissions since filing her August 5, 2024 "Notice of Motion for Emergency Relief." ECF No. 221.

supplement the amended complaint. **If Plaintiff does not file a second amended complaint, the case will be dismissed without further notice**.

The Clerk of Court is directed to terminate ECF Nos. 173, 175, 200, 216, and 221. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 31, 2025
New York, New York

*/s/ Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge